UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT MARTIN,

    Plaintiff,                                             Case Number 11-10433-BC
v.                                                       Honorable Thomas L. Ludington

WAL-MART STORES, INC.,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Now before the Court is Plaintiff Scott Martin's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59 in order to prevent a manifest injustice. The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). The standard applicable to motions under Federal Rule of Civil Procedure 59(e) is a de novo standard. *Cockrel v. Shelby County School Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001). The facts and procedural history of the case are set forth in the Court's June 1, 2012, opinion and order. ECF No. 14.

Plaintiff's motion highlights the parties' alternate theories of how the grease at issue came to be located on Defendant's floor. As the Court's opinion noted,

> Defendant suggests inferentially that it is equally possible that in the hour or two between Wal-Mart employees cleaning the deli area and the Plaintiff falling, that another contractor could have created the substance on the floor that caused the Plaintiff to fall. However, Plaintiff testified that no work was being performed in the deli area that evening prior to his fall. Defendant's theory would require a contractor to turn on the deep fryer, use the fryer in a way that it would splatter grease on the floor, and then attempt to clean it up to create the swipe marks that Plaintiff saw in

>the grease. Plaintiff submits that this theory is highly unlikely.
>
>On the other hand, Plaintiff emphasizes that he has advanced sufficient evidence, that if believed by a jury, tends to show that there remained an accumulation of grease on the floor in front of the deep fryer despite Defendant Wal-Mart's attempts at cleaning. Because it is for the jury to determine which of the two theories is more plausible, there is a genuine issue of material issue of fact which precludes a grant of summary judgment.

ECF No. 14 at 12-13.

Plaintiff contends that when considering these two plausible theories, this Honorable Court erred in granting Defendant's motion for summary judgment on the issue of notice and dismissing his premises liability claim. Plaintiff primarily relies on *Clark v. Kmart Corp.*, 465 Mich. 416 (2001), where the Michigan Supreme Court concluded that circumstantial evidence reasonably supported the plaintiff's contention that the grapes that had fallen on the floor, causing the plaintiff's slip and fall, had been on the floor a sufficient length of time for the defendant to have discovered and rectified the condition. *Id.* at 420. Pursuant to *Clark*, Plaintiff argues, even under Defendant's theory that the grease was placed on the floor in the "hour or two" between when Wal-Mart employees allegedly cleaned the floor and Plaintiff fell, that time period would be a sufficient length of time from which the jury could infer that Defendant should have discovered and rectified the condition.

In *Clark*, the court explained that a Kmart employee testified that the check-out lane would have been closed, but blocked to prevent passage, no later than 2:30 a.m., about an hour before the plaintiff arrived. Given that evidence, the court concluded that a jury could reasonably infer that the loose grapes were, more likely than not, dropped when a customer brought grapes to the check-out lane to buy them while it was still open and, from this, the jury could also infer that an employee of defendant should have noticed the grapes at some point before or during the closing of the lane and

either cleaned them up, or asked another employee to do so. *Id.* at 420. The court also noted the fact that the check-out lane had been closed for about an hour before the plaintiff fell which would establish a sufficient length of time that a jury could infer that the defendant should have discovered and rectified the condition. Additionally, there was no testimony concerning the last time the floor of the check-out lane had been cleaned and the testimony provided described the floor as generally "dirty," which the court concluded could reasonably be viewed as negating a suggestion that it had been cleaned after the lane was closed and that the grapes were dropped thereafter. The Supreme Court explained, "[t]he availability of the inference that the grapes had been on the floor for at least an hour distinguishes this case from those in which defendants have been entitled to directed verdict because of the lack of evidence about when the dangerous condition arose." *Id.* at 421.

In this case, Defendant has provided testimony that the Deli Department where the grease at issue was located was closed off to the public, unlike the check-out lane in *Clark*. There is also testimony that the area would be routinely cleaned prior to closing. Defendant also provided a detailed explanation of the extensive cleaning process conducted each night in consideration of the fact that food was prepared at the location. Unlike in *Clark*, there is a lack of evidence about when the dangerous condition arose in this case. As noted in the opinion, the substance was indisputably at the location where Plaintiff fell, but how and when it was deposited at that location is a matter of conjecture like the situation in *Serinto v. Borman Food Stores*, 380 Mich. 637 (1968). Although Plaintiff believes the Court erred in relying on *Serinto* because the case was decided prior to *Clark*, there is nothing to suggest that the conclusions in *Serinto* no longer reflect the applicable Michigan law. Plaintiff thus has not demonstrated that the Court's June 1, 2012, should be amended to prevent a manifest injustice.

Accordingly, it is **ORDERED** that Plaintiff's motion to alter or amend judgment (ECF No. 16) is **DENIED**.

                                                      s/Thomas L. Ludington  
                                                      THOMAS L. LUDINGTON  
                                                      United States District Judge

Dated: August 2, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 2, 2012.

                                          s/Tracy A. Jacobs  
                                          TRACY A. JACOBS